The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: February 14 2023

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-30575 |
| | ) | |
| Larry Riggs and | ) | Chapter 7 |
| Lynda Riggs, | ) | |
| | ) | Judge John P. Gustafson |
| Debtors. | ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING CREDITOR'S MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGEABILITY OF DEBT AND DISCHARGE

This cause comes before the court on Creditor Kapitus Servicing, Inc.'s, as Servicing Agent of Kapitus, LLC, (the "Movant") Motion for Extension of Time to Object to Dischargeability of Debt and Discharge (the "Motion for Extension of Time") filed on August 15, 2022. [Doc. #30]. On August 19, 2022, Debtors Larry Riggs and Lynda Riggs (the "Debtors") filed an Objection to the Motion for Extension of Time (the "Objection"). [Doc. #33].

### BACKGROUND

On April 22, 2022, the Debtors filed a voluntary petition for relief under Chapter 7 of the

Bankruptcy Code. [Doc. #1]. The Debtors filed their Schedules, list of creditors, and other required documents with the petition, scheduling the Movant as an unsecured creditor. [*Id.*, p. 26, Schedule E/F: Creditors Who Have Unsecured Claims, Line 4.17].

On April 26, 2022, the Clerk issued a "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline"[1] (the "Notice"). [Doc. #8]. On April 28, 2022, the Notice was mailed to the creditors listed by Debtors. [Doc. #11]. The Notice, which conformed with Official Form 309A, set forth certain information about the Debtors' case. For example, on the first page, the Notice sets forth the following information:

- "**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**" [Doc. #8, p. 1](emphasis in original).
- "The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)" [*Id.*].

On the second page, under the section entitled "**Meeting of creditors**," the Notice states:

- The First Meeting of Creditors "**will be conducted remotely**" on "**June 16, 2022 at 9:30 AM**." [*Id.*, p. 2](emphasis in original).

The second page of the Notice, under the section entitled "**Deadlines**," also states:

- The "**deadline to object to discharge or to challenge whether certain debts are dischargeable**" is "**8/15/22**." [*Id.*](emphasis in original).
- "**You must file a complaint:**
    - if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. §727(a)(2) through (7), or
    - if you want to have a debt excepted from discharge under 11 U.S.C. §523(a)(2), (4), or (6)." [*Id.*](emphasis in original).

The deadline for filing a complaint stated in the Notice was sixty days after the first date

---
[1]/ Unless otherwise indicated, all emphases, internal quotation marks, citations, alterations, and footnotes are omitted in quoted text. *See, United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

set for the meeting of creditors. Therefore, the applicable filing deadline was in accordance with Rules 4004(a) and 4007(c) of the Federal Rules of Bankruptcy Procedure. The Notice also complied with 11 U.S.C. §523(c) and Federal Rules of Bankruptcy Procedure 7001(4) and (6).

On April 28, 2022, the Bankruptcy Noticing Center mailed the Notice to, among others, Kapitus, LLC, at the address scheduled by the Debtors and listed in the creditor matrix. [Doc. #11, p. 1]. The record reflects the Notice was not returned as undeliverable. [*Id.*, p. 3].

On June 16, 2022, the Chapter 7 Trustee held the First Meeting of Creditors. [Doc. #30, ¶4]. The Notice provided the date for the First Meeting of Creditors. The Movant had knowledge of the date set for the First Meeting of Creditors because a representative of Movant attended telephonically.[2]

The Chapter 7 Trustee concluded the First Meeting of Creditors and requested additional documentation and certain information from the Debtors, which was subsequently provided. However, the Movant did not seek any information or documents from the Chapter 7 Trustee or from the Debtors themselves; nor does the record reflect that the formal procedural tools available to obtain information from a debtor, such as a Rule 2004 examination, were used by the Movant. The Movant did not contact Debtors' counsel, nor did the Debtors receive any written request from the Movant regarding the production of documents.

On August 12, 2022, three days before the deadline, counsel for the Movant was retained to represent Kapitus, LLC in this bankruptcy case. [Doc. #30, ¶18].

---

[2]/ Although the Minutes of Meeting of Creditors, [Doc. #18], do not indicate creditors were present, counsel for Movant informed the court at the hearing on the Motion for Extension of Time that a representative of Kapitus, LLC, attended the First Meeting of Creditors. A creditor may represent themselves at the meeting of creditors. The Bankruptcy Abuse Prevention and Consumer Protection Act modified 11 U.S.C. §341(c) to permit creditors to represent themselves. The provision states that nothing "in this subsection shall be construed to require any creditor to be represented by an attorney at any meeting of creditors." *Id.*; *see also,* 3 Collier on Bankruptcy ¶341.04[3] (Richard Levin & Henry J. Sommer eds., 16th ed.)("An individual creditor may represent himself or herself at a creditors' meeting.").

On August 15, 2022, the deadline for filing a complaint to deny discharge and/or to determine dischargeability under §§523(a)(2), (4), or (6), the Movant filed its timely Motion for Extension of Time. [Doc. #30]. The Debtors timely filed their Objection to the Motion for Extension of Time on August 19, 2022. [Doc. #33].

The Motion for Extension of Time asserts that the Movant retained counsel on August 12, 2022, and seeks another thirty days, through and including September 14, 2022, after the original August 15, 2022 filing deadline. [Doc. #30, ¶¶13, 18].

The Movant seeks an extension of time to file a dischargeability complaint under Rule 4007(c), pertaining to dischargeability complaints seeking to except particular debts from discharge. [*Id.*, ¶¶13, 15]. The Movant primarily argues it is owed a debt for monies obtained by fraud, [*Id.*, ¶24], asserting that this debt is nondischargeable under 11 U.S.C. §§523(a)(2)(A), (a)(4), and (a)(6). [*Id.*, ¶¶21–23].

The Movant also seeks an extension of time to file a complaint objecting to discharge [*Id.*, ¶¶16, 19] under Rule 4004(a). [*Id.*, ¶15]. However, the Motion for Extension of Time does not state why an extension to file a complaint to deny discharge is warranted.

On September 8, 2022, this court held a hearing on the Movant's Motion for Extension of Time and Debtors' Objection to the Motion. Debtors' counsel and Movant's counsel appeared by telephone. Movant's counsel informed the court it only received the information to file a dischargeability complaint, or a complaint objecting to discharge, from Movant the evening of August 12, 2022. For this reason, Movant's counsel needed more time to review the relevant information, including the information regarding a state court breach of contract action in Virgina, to file a complaint that would comply with counsel's ethical obligations. When asked about the state court judgment, Movant's counsel informed the court the judgment was entered by default.

The court requested that a copy of the state court judgment be filed in the docket on, or before, September 16, 2022. The court further requested any additional responsive arguments to be filed on, or before, September 16, 2022. The court indicated the matter would be decisional after September 16, 2022. Movant did not file any responsive arguments.

On September 23, 2022, the Movant filed a copy of the state court judgment obtained in the Circuit Court of the City of Richmond, Virginia. [Doc. #37].

On September 27, 2022, the Movant filed a proof of claim. [Claim No. 16-1]. The amount claimed was $116,836.38.

On September 27, 2022, the Movant filed another proof of claim. [Claim No. 17-1]. The amount of the second proof of claim was $116,836.55.

On November 29, 2022, the Movant withdrew Claim No. 16-1, which stated the amount claimed was $116,836.38. [Doc. #39]. Proof of Claim 17-1 remains on the claims docket.

## LAW AND ANALYSIS

A debtor generally qualifies for a discharge, which relieves the debtor from prepetition debts other than any debts excepted from discharge, if the conditions in §727(a) are satisfied. *See, Kontrick v. Ryan*, 540 U.S. 443, 447, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). However, the trustee, a creditor, or the United States trustee may oppose a debtor's discharge. *See,* §727(c)(1); Fed. R. Bankr. P. 4004(a). Additionally, a debtor or a creditor may file a complaint to determine the dischargeability of certain debts. *See,* §523(c)(1); Fed. R. Bankr. P. 4007(a); *Brady v. McAllister* (*In re Brady*), 101 F.3d 1165, 1169 (6th Cir. 1996)("Likewise, 11 U.S.C. §523(c)(1) allows creditors to request determinations regarding the dischargeability of certain debts."). The controlling time prescriptions for filing a complaint objecting to discharge or to determine dischargeability are left up to the Federal Rules of Bankruptcy Procedure. *See, Kontrick*, 540 U.S.

at 448.

Rule 4004(a) states that: "a complaint objecting to the debtor's discharge under §727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Rule 4004(b), governing extensions of the Rule 4004(a) filing deadline, generally provides the court "may" extend the time to object to discharge for "cause."

Similarly, Rule 4007(c) states that: "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Rule 4007(c) also governs extensions of this filing deadline and generally provides the court "may" extend the time to file a complaint to determine the dischargeability of a debt under §523(c) for "cause."

Thus, if a creditor has notice or knowledge of the date of the first date set for the first meeting of creditors, the deadline for filing a complaint to determine dischargeability or to deny discharge is a simple calculation.

The deadlines in Rules 4004(a) and 4007(c) promote the prompt resolution of bankruptcy cases and discharge issues, providing a debtor their discharge—the cornerstone of a debtor's fresh start. *See, In re Luckey*, 2019 WL 1028905 at *2, 2019 Bankr. LEXIS 645 at *4 (Bankr. N.D. Ohio Mar. 4, 2019)(Whipple, J.)("[C]ause is to be narrowly construed to promote prompt resolution of the case and the debtor's fresh start."); *see also, In re Sheppard*, 532 B.R. 672, 676 (B.A.P. 6th Cir. 2015); *McDermott v. St. George* (*In re St. George*), 2017 WL 1379321 at *4, 2017 Bankr. LEXIS 1065 at *8 (B.A.P. 6th Cir. Apr. 17, 2017). Notably, Rules 4004(b) and 4007(c) use "identical 'for cause' language when considering extensions of time." *In re Motil*, 2022 WL 2761042 at *1, 2022 Bankr. LEXIS 1938 at *3–4 (Bankr. N.D. Ohio July 14, 2022); *accord In re Sheppard*, 532 B.R. at 676.

Courts have held that the applicable standards under these Rules are generally interchangeable in determining whether an extension is warranted. *See, In re Motil*, 2022 WL 2761042 at *1, 2022 Bankr. LEXIS 1938 at *4 (collecting cases noting the standards are the same).³

Despite the importance of these deadlines to a debtor's fresh start, the term "cause" is "not defined, and its determination is thus committed to the court's discretion." *In re Luckey*, 2019 WL

---

³/ It is worth considering an apparent discrepancy in the standards applied in the Sixth Circuit used to determine whether to extend time for "cause" under Rules 4004(b) and 4007(c). *Motil* discusses this apparent discrepancy in the case law. *See, In re Motil*, 2022 WL 2761042 at *2, 2022 Bankr. LEXIS 1938 at *4–5 ("In *In re Brady*, the Sixth Circuit embraced a low threshold to show sufficient cause. On the other hand, in *In re St. George*, the Sixth Circuit Bankruptcy Appellate Panel adopted what seems to be a heightened 'for cause' standard using a five-factor test.").

In *Brady*, the Sixth Circuit noted that a party moving for an extension of the deadline under Rule 4007(c) "must demonstrate some minimally sufficient showing of cause for the extension." 101 F.3d at 1171. Then, in *In re Sheppard*, the Bankruptcy Appellate Panel for the Sixth Circuit cited this proposition in *Brady* for the suggestion that "cause" is a low threshold: in "the Sixth Circuit . . . there is precedent that suggests the threshold for granting such motions should be set low." 532 B.R. 672, 677 (B.A.P. 6th Cir. 2015). *Brady* is of course precedent, but whether *Brady* is *binding* precedent on the standard to apply in deciding whether to extend time for "cause" under Rule 4007(c) is debatable. The Sixth Circuit follows the rule that the holding of a published panel opinion is binding unless overruled or abrogated en banc or by the Supreme Court. *See, Stamper v. United States* (*In re Gardner*), 360 F.3d 551, 558 (6th Cir. 2004); *Freed v. Thomas*, 976 F.3d 729, 738 (6th Cir. 2020). However, only "holdings" are binding, not "dicta." *Davis v. Helbling* (*In re Davis*), 960 F.3d 346, 357 (6th Cir. 2020). "A holding is a court's determination of a matter of law pivotal to its decision. And dictum is anything not necessary to the determination of the issue on appeal." *Freed*, 376 F.3d at 738. In *Brady* the applicable standard for "cause" was not necessary to the determination of the issue on appeal because the parties did not contest "whether the trustee demonstrated sufficient cause for an extension of time." *See,* 101 F.3d at 1171 n.1. *Brady* thus did "not address the issue." *See, id.* Accordingly, *Brady* noted that the standard for cause was not necessary to the determination of the issue on appeal. *See, id.* This means that any discussion about the applicable standard for cause in *Brady* is likely dictum and carries no binding effect. *See, In re Davis*, 960 F.3d at 357 (recognizing "the firmly established rule that prior-panel dictum has no binding effect").

In contrast, the Sixth Circuit has explained that "lower courts" are "obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *Ellman v. Baker* (*In re Baker*), 791 F.3d 677, 682 (6th Cir. 2015). This "applies even when the intervening Supreme Court decision is not precisely on point but provides directly applicable legal reasoning or when it provides on-point dictum." *See, United States v. Fields*, 44 F.4th 490, 510 (6th Cir. 2022). *Kontrick* provides some reasoning that may be applicable. *See, Kontrick*, 540 U.S. at 448 n.3 (noting that "courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rules 4004(a) and (b) may be forfeited"); *In re Motil*, 2022 WL 2761042 at *1, 2022 Bankr. LEXIS 1938 at *4 (noting the same).

Under *Kontrick*'s reasoning, it appears either *Brady*'s low threshold of sufficient cause or the apparently heighted standard of sufficient cause in *In re St. George* should apply interchangeably to the "cause" inquiry in Rules 4004(b) and 4007(c). *See e.g., Schwartz v. Weinberg* (*In re Weinberg*), 197 F. App'x 182, 185 n.3 (3d Cir. 2006)("[G]iven the similar language of Rules 4004(a) and 4007(c), construction of one is informative of the proper construction of the other."). To the extent the standards are the same, this court finds the Movant has not shown sufficient cause under *Brady* or *In re St. George* for the reasons set forth below.

1028905 at *2, 2019 Bankr. LEXIS 645 at *4 ("Rules 4004(b) and 4007(c) use the words 'may' and 'for cause' to direct courts in addressing requested extensions of time."); *accord* 9 Collier on Bankruptcy ¶4007.04[3] (Richard Levin & Henry J. Sommer eds., 16th ed.)("Rule 4007(c) provides that the deadline for filing nondischargeability complaints may be extended only for cause, but does not specify what constitutes such cause."); 9 Collier on Bankruptcy ¶4004.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed.)("Rule 4004(b) states that the deadline for objecting to discharge may be extended only for cause, but does not elaborate regarding what might constitute such cause."). The "moving party has the burden of showing that cause exists." *In re Luckey*, 2019 WL 1028905 at *3, 2019 Bankr. LEXIS 645 at *6–7.

Here, the deadline to file a complaint objecting to discharge or seeking to except a debt from discharge was August, 15, 2022. The Movant filed the Motion for Extension of Time on August 15, 2022. The Movant contends three general grounds for finding "cause." First, counsel was retained three days before the deadline. Second, the Movant cannot determine whether an objection to dischargeability or discharge is warranted without further discussion with the Debtors. Third, the Movant asserts and believes the debt is nondischargeable on grounds of fraud or wrongful intent.

Although the applicable standards under Rules 4004(b) and 4007(c) use identical language, for the sake of clarity, this court will determine "cause" under both Rules. First, for dischargeability under Rule 4007(c). Second, for denial of discharge under Rule 4004(b).

I. **Rule 4007(c)**

As noted above, the Sixth Circuit Court of Appeals and the Bankruptcy Appellate Panel of the Sixth Circuit appear to apply different standards when deciding whether to extend time for cause. *In re Motil*, 2022 WL 2761042 at *2, 2022 Bankr. LEXIS 1938 at *4. In *Brady*, "the Sixth Circuit embraced a low threshold to show sufficient cause." 2022 WL 2761042 at *2, 2022 Bankr.

8

LEXIS 1938 at *4–5. Yet in *In re St. George*, "the Sixth Circuit Bankruptcy Appellate Panel adopted what seems to be a heightened 'for cause' standard using a five-factor test." 2022 WL 2761042 at *2, 2022 Bankr. LEXIS 1938 at *5. Here, the court does not need to choose between the two approaches because the Movant has not met its burden of showing sufficient cause under either standard, including the lower threshold of "demonstrat[ing] some minimally sufficient showing of cause" embraced in *Brady*.[4]

A. <u>Analysis under *St. George* and the Five-Factor Test</u>

To the extent the standard for obtaining an extension of time file a complaint objecting to discharge under Rule 4004(b) is the same standard applied for determining whether to grant an extension of time to file a dischargeability complaint under 4007(c), the Movant has not met their burden to show cause for the requested extension under the factors set forth in *St. George*.[5] *See e.g., In re Motil*, 2022 WL 2761042 at *2–3, 2022 Bankr. LEXIS 1938 at *4–10 (applying *St. George* factors to a Rule 4007(c) motion for extension of time); *In re Tapp*, 2020 WL 1518539 at *2, 2020 Bankr. LEXIS 822 at *3–4 (Bankr. N.D. Ohio Mar. 30, 2020)(same); *In re Luckey*, 2019 WL 1028905 at *2–3, 2019 Bankr. LEXIS 645 at *6 (same).

In *St. George*, the Bankruptcy Appellate Panel for the Sixth Circuit addressed "cause" for obtaining an extension of time to object to discharge under Rule 4004(b)(1). 2017 WL 1379321 at *4–5, 2017 Bankr. LEXIS 1065 at *8–12. In doing so, the Panel found appellee, the United States

---

[4]/ Ultimately, this court need not determine whether *Brady*'s standard is dictum because the Movant has not shown sufficient cause under either *Brady* or *In re St. George*.

[5]/ There is an intuitive appeal in applying the heightened standard in *St. George*, rather than the minimally sufficient showing of cause in *Brady*, for motions seeking additional time to file a complaint objecting to discharge. A discharge is the most important element of a debtor's fresh start. The denial of a discharge has greater consequences. Therefore, the inquiry for an extension of the deadline to object to discharge should have more teeth. In contrast, §523(a) only excepts from discharge the specific debt determined to be nondischargeable. In some cases, the consequence may not be as severe. Here, those concerns are not raised. Based on the claims docket, Movant appears to be one of the largest, if not the largest, unsecured nonpriority creditors to have filed a proof of claim in this case. This appears to be one of the unusual cases where excepting a debt from discharge would essentially deny a debtor their discharge and strip them of their fresh start.

9

Trustee, failed to meet its burden of showing "cause" on its second motion for an extension to file a complaint objecting to the debtor's discharge, and held that the bankruptcy court abused its discretion in granting the extension. *See, In re St. George*, 2017 WL 1379321 at *5, 2017 Bankr. LEXIS 1065 at *12. In reversing the bankruptcy court's order granting additional time for the United States Trustee to file a complaint objecting to discharge, the Panel identified five non-exclusive factors to consider in assessing "cause" for such an extension:

> (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection;
> (2) the complexity of the case;
> (3) whether the creditor has exercised diligence;
> (4) whether the debtor has refused in bad faith to cooperate with the creditor; and
> (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re St. George*, 2017 WL 1379321 at *4, 2017 Bankr. LEXIS 1065 at *8–9.

An analysis of the *St. George* factors weighs against granting an extension. Starting with the first factor: whether the Movant received sufficient notice of the deadline and the information to file a complaint. The Movant has not argued that the Notice, provided in Official Form 309A, did not provide the Movant with sufficient notice and/or actual knowledge. Nor could it so argue. Here, the Movant was included in the Schedules. The Movant attended the First Meeting of Creditors on the date it was originally scheduled. The deadline for filing a dischargeability complaint is based on the meeting of creditors, *see,* Fed. R. Bankr. P. 4007(c) ("[A] complaint . . . shall be filed no later than 60 days after the first date set for the meeting of creditors . . . ."), which the Movant received notice of, as evidenced by its attendance at the First Meeting of Creditors. As other courts have noted, Movant had to have had actual notice of the bankruptcy before retaining counsel, otherwise Movant could not have known to retain counsel before the date it asks this court to extend. *See, In re Jones*, 496 B.R. 908, 910 (Bankr. N.D. Fla. 2018). Thus, the

22-30575-jpg    Doc 40    FILED 02/14/23    ENTERED 02/14/23 16:42:59    Page 10 of 18

"sufficient notice" factor in *St. George* weighs against the granting of an extension.

The second factor, "the complexity of the case," presents a more demanding inquiry but ultimately weighs against granting an extension. At its core, the case appears to be an attempt to establish the nondischargeability of a contractual debt. *See, In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995)(recognizing an extension may be warranted when a debtor's affairs are complex, and many parties are involved). Here, the Movant has not argued the Debtors' affairs are complex. The facts appear relatively straight-forward. The Movant and the Debtors are the relevant parties. There are no other adversary complaints by other creditors. The liability and the amount of the debt was established by the default judgment, thus narrowing the issues that would need to be proven, and thereby reducing some of the complexity of the case for the Movant.

Additionally, although the contractual provisions may be complicated, the underlying claim for dischargeability does not appear to be unusually complicated. This is not to minimize the difficulty of this legal determination. Instead, it merely recognizes that presenting the elements of nondischargeability for a loan obligation is generally a fairly routine inquiry and does not support a finding of unusual complexity.

The third factor, "whether the creditor has exercised diligence," also weighs against granting an extension. The Movant attended the First Meeting of Creditors but took no further action. Moreover, there is no basis to find that the Debtors "refused in bad faith to cooperate with the creditor" under the fourth factor since there was no communication between the parties, other than any questioning that may have occurred at the meeting of creditors. The Debtors showed their general willingness to cooperate by providing certain requested information to the Chapter 7 Trustee. Thus, the third and fourth factors weigh against granting an extension.

The fifth factor—whether there is a proceeding "pending in another forum" that may result

11

22-30575-jpg    Doc 40    FILED 02/14/23    ENTERED 02/14/23 16:42:59    Page 11 of 18

in preclusion of any relevant issues—does not apply. *See e.g., In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999)(finding that the creditors met their burden of demonstrating sufficient cause by arguing that a pending proceeding may result in preclusion of relevant issues). Here, the Movant obtained its judgment in Virginia before the Debtors filed bankruptcy. The judgment debt seems to be based on a contractual breach after the Movant moved for judgment by default on its complaint.[6] There does not appear to be any other pending proceedings related to the potential cause of action underlying this Motion for Extension of Time.

The Movant has thus failed to meet its burden of proving a sufficient showing of "cause" for an extension under the factors in *St. George*.

B. <u>Analysis under *Brady* and Minimally Sufficient Showing of Cause</u>

In *Brady*, the Sixth Circuit indicated that a party in interest requesting an extension under Rule 4007(c) "must demonstrate some minimally sufficient showing of cause for the extension." *In re Brady*, 101 F.3d at 1171; *see also In re Sheppard*, 532 B.R. at 676 ("In the Sixth Circuit, discretion is given to the bankruptcy courts to determine the definition of 'cause' on a case-by-case basis, but there is precedent that suggests the threshold for granting such motions should be set low."). Case law "citing Rule 4007(c) indicates that the cause for an extension must be compelling and a creditor must show why it was not able to comply with the deadline as originally set." 9 Collier on Bankruptcy ¶4007.04[3] (Richard Levin & Henry J. Sommer eds., 16th ed.); *see also, In re Vinson*, 509 B.R. 128, 131–32 (Bankr. S.D. Ohio 2013). For example, a creditor that has exercised reasonable diligence in protecting its interests, such as scheduling a Rule 2004 examination, but still needs additional time to gather further information, may establish sufficient

---

[6]/ Under Virginia law, it appears for principles of preclusion to apply in the case of a default judgment, the issue must be the subject of "actual" litigation. *TransDulles Ctr., Inc. v. Sharma*, 472 S.E.2d 274, 276 (Va. 1996)(rejecting a "blanket exemption in Virginia from application of collateral estoppel in the case of a default judgment").

"cause." *See, In re Vinson*, 509 B.R. at 133. However, a "review of cases from around the country shows that a lack of diligent effort by a creditor can be fatal" to a creditor's belated attempt to achieve an extension of this deadline. *See, In re Woods*, 260 B.R. 41, 44–45 (Bankr. N.D. Fla. 2001). Consequently, when "a creditor fails to use diligence in gathering information pertinent and necessary to filing a complaint, the Bankruptcy Court acts within its discretion in denying a motion for an extension of time." *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996).

Here, the Movant argues that counsel was retained on August 12, 2022, three days before the filing deadline, and could not determine whether a determination of dischargeability or objection to discharge was warranted at that point. For this aspect of Movant's argument, *Mendelsohn* is instructive. In *Mendelsohn*, the creditor advanced the same argument, that the creditor "did not consult bankruptcy counsel until the eve of the" deadline, "and counsel, new to the case," understandably needed additional time to frame a complaint. *See, id.* However, *Mendelsohn* rejected this argument and held a creditor's "lack of diligence in retaining counsel" is not "cause under Rule 4007(c)." *See, id.*; *see also, In re Holland*, 2019 WL 3283050 at *9, 2019 Bankr. LEXIS 2269 at *23 (Bankr. D. Vt. July 19, 2019)(citing *In re Mendelsohn*, 202 B.R. at 832). Therefore, the failure to promptly retain counsel is not enough, in and of itself, to establish "cause" under these facts.

Similarly, a creditor's failure to exercise diligence in assisting its counsel cannot establish "cause." In *Luckey*, for example, the creditor failed to assist its counsel in turning over the basic information needed to file a complaint that would pass muster under Federal Rule of Bankruptcy Procedure 9011. *See, In re Luckey*, 2019 WL 1028905 at *3, 2019 Bankr. LEXIS 645 at *8. The *Luckey* court found the creditor failed to act with due diligence because the creditor had all the information needed to file a complaint but failed to tender this relevant information to counsel. *Id.*

13

Here, on August 12, 2022, three days before the deadline, the Movant tendered to its counsel the relevant information to file a complaint. On August 15, 2022, the day of the deadline, the Motion for Extension of Time was filed. At the hearing, counsel for the Movant informed the court that counsel would need more time to review the relevant information to file a complaint that would comply with counsel's ethical obligations. As in *Luckey*, Movant's request for an extension on the day of the deadline after failing to retain counsel and not providing its counsel with the basic information needed to file a complaint is not sufficient to support a finding of "cause." *See, id.* (noting that the creditor's failure to show creditor had exercised diligence presented itself as an issue of "internal priorities that need to be reordered"); *see also, In re Van Duinen*, 2022 WL 17968923 at *1, 2022 Bankr. LEXIS 3656 at *3 (Bankr. W.D. Mich. Dec. 22, 2022)(noting that the creditor's motion for an extension of the deadline to object to dischargeability filed three days before the deadline, despite having knowledge of the deadline, suggested a lack of diligence).

In addition to information the Movant had based on its having made the loan, it had also initiated a state court breach of contract action against the Debtors prior to the filing of the petition for relief. [Doc. #32]. That action resulted in a judgment entered by default, making liability and the amount owed matters of established fact. [*Id.*, p. 2]. Despite having this baseline information, the record reflects that the Movant failed to use the discovery tools employed by diligent creditors. For example, there was no pending request for additional information that the Movant was waiting on.[7] The Movant attended the First Meeting of Creditors, and then did nothing until three days before the deadline for filing a complaint, filing its Motion for Extension of Time on the day of the deadline.

---

[7]/ The Chapter 7 Trustee requested that the Debtors provide the Chapter 7 Trustee with additional documentation and certain information at the conclusion of the First Meeting of Creditors. The Debtors complied with the Chapter 7 Trustee's request.

14

It is Movant's own inaction in failing to promptly obtain counsel that prevented the Complaint from being timely filed.[8] Moreover, this is a creditor that should understand the requirements for contesting a bankruptcy discharge, having filed a number of prior dischargeability actions that resulted in reported decisions. *See e.g., Strategic Funding Source, Inc. v. Veale* (*In re Veale*), 2021 WL 5614923 at *1, 2021 Bankr. LEXIS 3271 at *1 (Bankr. D. Del. Nov. 30, 2021)(dismissing complaint seeking dischargeability determination under "various subsections of Bankruptcy Code §523(a)"), *aff'd*, 2022 WL 14760676 at *1, 2022 Bankr. LEXIS 193940 at *1 (D. Del. Oct. 25, 2022), *appeal filed*, No. 22-3212 (Nov. 23, 2022); *Strategic Funding Source, Inc. v. Dodge* (*In re Dodge*), 623 B.R. 663, 665 (Bankr. N.D. Ga. 2020)("Strategic Funding Source, Inc., d/b/a Kapitus ('Kapitus') seeks a determination that that the debt owed to it by the Debtor, Clifton Ray Dodge, is nondischargeable pursuant to 11 U.S.C. §§523(a)(2)(A) and (B), (a)(4), and (a)(6)."); *Kapitus Servicing, Inc. v. Friedlander* (*In re Friedlander*), 2021 WL 3889786 at *1, 2021 Bankr. LEXIS 2360 at *3 (Bankr. N.D. Ohio Aug. 27, 2021)(same); *Kapitus Servicing, Inc. v. Polk* (*In re Polk*), 2020 WL 762215 at *1, 2020 Bankr. LEXIS 398 at *1 (Bankr. M.D. Ga. Feb. Feb. 14, 2020)(same); *Strategic Funding Source, Inc. v. Donghee Choi* (*In re Donghee Choi*), 2019 WL 11031716 at *1, 2022 Bankr. LEXIS 3875 at *1 (Bankr. N.Y.N.D. Dec. 20, 2019)(same); *Kapitus Servicing, Inc. v. Nikirk* (*In re Nikirk*), 2020 WL 1696096 at *1, 2020 Bankr. LEXIS 916 at *1 (Bankr. E.D. Tenn. April 3, 2020)(seeking dischargeability determination under §§523(a)(2)(A), 523(a)(4), and 523(a)(6)).

Lastly, the Movant argues that it avers and believes the Debtors acted fraudulently and/or

---

[8]/ There has been no assertion that Debtors did anything to "promote inaction" by the Movant. *Cf., In re Bressler*, 600 B.R. 739, 747 (Bankr. S.D.N.Y. 2019)(discussing *Albini* in the context of extending the deadline for filing a dischargeability complaint after the deadline has passed); *In re Albini*, 2004 WL 943908, 2004 Bankr. LEXIS 541 (Bankr. D. Conn. Mar. 5, 2004). While the bar for allowing a late-filed dischargeability complaint is much higher than a motion an extension of time, there is no evidence that the Debtors did anything relating to Movant other than: 1) list the creditor; and, 2) appear at the first meeting of creditors and answer any questions Movant may have asked at that time.

wrongfully in executing and performing under the loan contract. However, the mere fact that the contemplated dischargeability action grounds itself in fraud does not present sufficient justification for an extension. *See, In re James*, 187 B.R. 395, 398 (Bankr. N.D. Ga. 1995). Allegations of fraudulent conduct are "irrelevant; every one of these cases involves an allegation of a 'bad' debtor, be it a dischargeability exception under §523(a)(2), (4) or (6) or an objection to discharge. That's the very nature of such an adversary proceeding. It's not an exceptional circumstance that justifies an extension." *In re Luckey*, 2019 WL 1028905 at *4. "Rather, some more unique circumstance must exist to further complicate the task before the creditor." *In re James*, 187 B.R. at 398.

"Cause" must be based on additional time needed, despite prior efforts to obtain the information and ferret out the wrongful acts necessary to file a complaint, not on the wrongful acts themselves.

The Movant has thus failed to meet its burden of proving some minimally sufficient showing of "cause" for an extension.

For all these reasons, the court finds Movant has not shown "cause" under Rule 4007(c) under either *St. George* or *Brady*.

**II. Rule 4004(b)**

The Movant has also requested an extension of time to file a complaint objecting to discharge. The Movant however did not state grounds for finding "cause" to extend the deadline to file a complaint objecting to discharge. Instead, as noted above, the Movant's Motion for Extension of Time sets forth grounds for extension of the deadline to file a dischargeability complaint. The "moving party has the burden of showing that cause exists." *In re Luckey*, 2019 WL 1028905 at *3, 2019 Bankr. LEXIS 645 at *6–7. Because the Movant's grounds for finding cause relate to filing a dischargeability complaint, and not a complaint objecting to discharge, it does not appear the Movant has met its burden to show cause exists under Rule 4004(b). This

16

court will nonetheless consider whether the Movant has established "cause" under Rule 4004(b).

    A. <u>Analysis under *St. George* and the Five-Factor Test</u>

Based on the application of the *St. George* factors, as set forth above, Movant has not shown sufficient cause for an extension of time under Rule 4004(b).

    B. <u>Analysis under *Brady* and Minimally Sufficient Showing of Cause</u>

As noted above, in *Brady*, the Sixth Circuit stated that a party-in-interest requesting an extension must generally "demonstrate some minimally sufficient showing of cause for the extension." *In re Brady*, 101 F.3d at 1171. Sufficient cause for extending the deadline to file a complaint objecting to discharge includes a "debtor's delays in responding to discovery" or a "delay in the meeting of creditors to a date close to or after the deadline." 9 Collier on Bankruptcy ¶4004.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "On the other hand, if a party has sufficient notice and information to file an objection in time, no extension is appropriate, especially if the party seeking the extension has made no attempts at discovery during all or most of the time available to it." *Id.*; *see also, McAfee v. Harman* (*In re Harman*), 628 B.R. 359, 374 (Bankr. N.D. Ga. 2021)("[W]hile courts may differ on the precise standard to use when determining cause under Rule 4004(b)(1), they agree on requiring proof of diligence from the movant in investigating the debtor's financial affairs prior to granting an extension.").

Here, there was no delay in holding the First Meeting of Creditors, there is no evidence Movant sought any discovery, and the Movant has not argued Movant did not have sufficient notice or that the Notice did not provide the Movant with sufficient notice and/or actual knowledge. The Movant made no attempt to investigate the Debtors' financial affairs prior to requesting an extension. "Knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." *In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003).

In sum, the Movant had notice of the deadline and failed to act diligently in seeking discovery and obtaining information to file a complaint. The deadline to file a complaint is sixty days after the first date set for the meeting of creditors. The Movant received the Notice setting the date for the First Meeting of Creditors as June 16, 2022, which the Movant attended. The Movant failed to seek discovery and obtain information after June 16, 2022. Thus, on these facts, Movant's Motion for Extension of Time under Rule 4004(b) should be denied.

## CONCLUSION

The Movant failed to act diligently and filed the Motion for an Extension of Time on the day of the deadline. But it was the Movant's own inactions that prevented any Complaint from being timely filed. Under these facts, the Movant has not shown cause for an extension under either Rule.

Based on the foregoing reasons, the court finds that the Movant has not shown "cause" under either Rule 4004(b) or Rule 4007(c) for the requested extension of time.

Wherefore, it is

**ORDERED** that, Movant's Motion for Extension of Time to Object to Dischargeability of Debt and Discharge, [Doc. #30], be, and hereby is, **DENIED**.

###